and it is one which it must be presumed that the testator himself, if he had understood the present situation, would not have directed.

Under such supervening circumstances, the court would be justified in directing the trustee to invest the fund in the best and safest manner practicable. See McIntire v. Zanesville, 17 Ohio St. 352; Perry v. Smoot, 64 Va. 241.

Application refused without prejudice to a renewal on proper papers to be accompanied by a copy of this memorandum.

---

### DUNSTON v. SECURITY MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department.   July 9, 1912.)

ACTION (§ 6*)—ADJUDICATION OF RIGHTS—ANTICIPATED BREACH OF CONTRACT.
Complainant, in an action seeking to have it adjudged that defendant insurance company, upon his death after November 7, 1915, could not deduct the amount of his certificate of indebtedness from the amount payable under the policy, admitted that, on his death before that date, defendant might rightfully deduct the amount of such certificate, but alleged that there was an oral agreement by which, on his surviving that date, the certificate was to be surrendered and his indebtedness thereunder to cease, and that defendant threatened to violate such oral agreement upon his death after that date, and sought to prevent such threatened refusal of defendant to perform such agreement. *Held* that as on complainant's death before that date there could be no breach of the agreement, and that, as on his survival, he could bring his action at once with a perpetuation of testimony, there was no ground for present equitable relief.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 40; Dec. Dig. § 6.*]

Appeal from Special Term, Erie County.

Action by Frank T. Dunston against the Security Mutual Life Insurance Company. From an interlocutory judgment at Special Term, sustaining defendant's demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and that the court had no jurisdiction of the subject of the action, plaintiff appeals. Affirmed, with costs and with leave to plaintiff to amend the complaint within 20 days upon payment of the costs of the demurrer and this appeal.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Elijah W. Holt, of Buffalo, for appellant.
Harvey D. Hinman, of Binghampton, for respondent.

FOOTE, J.   Plaintiff seeks by this action to have it now adjudged that upon his death after November 7, 1915, defendant cannot deduct the amount of his certificate of indebtedness from the amount payable under his policy, or that, upon that date, he is entitled to have said certificite surrendered up and canceled.   He admits that upon his death before that date defendant may rightfully deduct the amount of the certificate from the amount payable under the policy, but he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alleges that there was an oral agreement by which upon his surviving that date the certificate was to be surrendered, and his liability or indebtedness thereunder to cease. He further alleges that defendant threatens and intends to violate such oral agreement upon his death after November 7, 1915, by deducting the amount of said certificate from the amount payable under his policy, and in case he survives that date by refusing to cancel and surrender said certificate to him.

The object of this action is to prevent an anticipated and threatened refusal by defendant to perform the oral agreement on or after November 7, 1915, in the event that plaintiff lives to that date. If he dies before that date, there can be no breach of the oral agreement. If he survives that date, there will be a breach at once; if defendant then refuses to cancel and surrender the certificate, he can then bring his action at once, and, if necessary, have his own testimony perpetuated under section 870 of the Code.

There is no ground for equitable relief at the present time based on the possibility or probability that defendant will refuse to perform the oral agreement on November 7, 1915, and that plaintiff's personal testimony to prove the oral agreement may not then be available. It will be, if he is alive, and, if he is not, no suit will be necessary. The complaint is not framed to procure a reformation of the certificate of indebtedness by incorporating therein the alleged oral agreement, and we need not consider whether such an action can be maintained. It is sufficient to say that this is not such an action.

The interlocutory judgment should be affirmed, with costs, with leave to plaintiff to amend the complaint within 20 days, upon payment of the costs of the demurrer and of this appeal. All concur.